# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LORRAINE DUFFY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 06-460-SLR |
| | : | |
| DEPARTMENT OF STATE, an | : | |
| Agency of the State of Delaware, | : | |
| | : | |
| Defendant. | : | |

## DEFENDANT'S OPENING BRIEF

## IN SUPPORT OF SUMMARY JUDGMENT

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

Marc P. Niedzielski (#2616)
Deputy Attorney General
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8324
Attorney for Defendant

DATED:  July 31, 2008

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ 3

NATURE AND STAGE OF THE PROCEEDINGS ......................................................... 4

SUMMARY OF THE ARGUMENT .................................................................................. 6

STATEMENT OF THE FACTS .......................................................................................... 7

ARGUMENT ........................................................................................................................ 10

I.    DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S CLAIMS UNDER TITLE VII AS SHE FAILS TO MAKE OUT A PRIMA FACIE CASE OF GENDER DISCRIMINATION OR RETALIATION ....................................................................................................... 10

    (a)    Title VII claim based on gender discrimination .......................................... 11

        (1)    Protected Status ................................................................................ 12

        (2)    Discrimination was severe or pervasive .......................................... 12

        (3)    The conduct detrimentally affected her ........................................... 12

        (4)    It would have detrimentally affected a reasonable person of the same protected class in her position ......................................... 13

        (5)    There is a basis for vicarious liability .............................................. 13

    (b)    Title VII retaliation claim ............................................................................ 14

CONCLUSION .................................................................................................................... 16

## **TABLE OF AUTHORITIES**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ...................................................... 10

*Burlington Indus., Inc. v. Ellerth,* 524 U.S. 742 (1998) ..................................................... 13

*Caver v. City of Trenton,* 420 F.3d 243 (3d Cir. 2005) ....................................................... 11

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) .................................................................... 10

*Hampton v. Borough of Tinton Falls Police Dept.*, 98 F.3d 107 (3d Cir. 1996) .............. 11

*Jensen v. Potter,* 435 F.3d 444 (3d Cir. 2006) ......................................................... 11, 12, 13

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) ......................... 11

*Moore v. City of Philadelphia,* 461 F.3d 331 (3d Cir. 2006) ............................................. 14

*Parkins v. Civil Constructors of Ill., Inc.,* 163 F.3d 1027 (7th Cir. 1998) .......................... 13

STATUTES AND OTHER AUTHORITIES

42 U.S.C. § 2000e-3(a)(2000) .................................................................................*passim*

Fed. R. Civ. P. 56(c) ...................................................................................................... 10, 16

## NATURE AND STAGE OF THE PROCEEDINGS

On June 8, 2005, plaintiff filed an EEOC Charge of Discrimination where she alleged a hostile work environment based on sex, age and retaliation. (Defendant's Opening Appendix [hereafter "A000001"])

On June 12, 2006, plaintiff received a right to sue letter and commenced this action by filing a complaint. (D.I. 1) The complaint alleges a claim of hostile work environment based on her gender and retaliation, but does not claim discrimination based on age as set forth in the Charge of Discrimination.

On October 24, 2006, the Court entered a Scheduling Order that provided a discovery cut-off of October 1, 2007, with trial to commence on April 7, 2008. (D.I. 8) Thereafter, the parties engaged in discovery. (D.I. 7, 10 -17)

On September 19, 2007, the plaintiff filed a stipulation between the parties to extend discovery for 30 days. (D.I. 18)

On October 18 and 22, 2007, plaintiff again sought modification of the Scheduling Order to extend the time for plaintiff's expert witnesses. (D.I. 22, 23) On October 29, 2007, defendant filed a memorandum opposing plaintiff's application to extend the time to properly identify expert witnesses.

On December 14, 2007, the parties filed a stipulation to effect the Court's directive at a telephone conference by extending expert discovery and removing the case from the trial calendar. (D.I. 25)

On February 28, 2008, the parties filed a second stipulation to extend the time for plaintiff's expert discovery and reset the deadline for dispositive motions. The parties

- 5 -

stipulated that plaintiff must identify and produce expert reports in accordance with Rule 26 by June 27, 2008, and failing that plaintiff waived her right to present any expert witnesses. (D.I. 26)

This is defendant's Opening Brief in Support of Summary Judgment which is concurrently being filed and served with a motion for summary judgment.

## **SUMMARY OF THE ARGUMENT**

**I.**

The Defendant is entitled to summary judgment on plaintiff's Title VII hostile work environment claims as she fails to set out a *prima facie* case. Plaintiff had a personality clash with a coworker with whom she had worked with before, however her gender did not play any role in those workplace difficulties.

Plaintiff's retaliation claim must fail as well, as the evidence is undisputed that the change in job assignments naturally followed from her request to change her supervisor. Moreover, such changes occurred prior to her filing of the EOCC Charge of Discrimination on June 8, 2005.

## STATEMENT OF THE FACTS

Plaintiff began employment as a computer programmer with the Department of State on February 25, 2002. She had moved from another State agency, the Office of Information Services ["OIS"], where she had been similarly employed as a programmer. OIS was being reorganized into the present Division of Technology and Information ["DTI"]. OIS informed the employees that some would be retained at DTI and some would have to find employment elsewhere. (Plaintiff's Answers to First Set of Interrogatories, No. 1, p.1 [A000002])

Plaintiff worked with three other employees that include two males and another female that reported to Dan Carroll. Plaintiff's initial assignment was to back-up a male coworker, Phil Fred. Years prior plaintiff had worked with and supervised Fred and they worked well with one another. Duffy Tr. 43-44, [A000040]; Fred Tr. 24-25 [A000037-A000038]).

Plaintiff was ill and off from work for several months starting in July 2002. Some time after plaintiff's return to work her relationship with Fred changed. Plaintiff claims he became rude to her. (Plaintiff's Answers to First Set of Interrogatories, No. 1, p. 2 [A000003])

While plaintiff claims Fred was only that way with females, the record reveals that Fred's working relationship with other females in the work place was acceptable. For example, April Wright testified that she did not have problems with Fred. (April Wright Tr. 5-8 [A000043]. Q. Did you get along well with Mr. Fred? A. Yes. Q. Did you have any - well, let me say that differently. Did he ever use any curse words or foul language

around you?  A. No.  Q. Did you ever hear him use that toward anyone else?  A. Not that I recall, no. p.6, line 5-15).  Dan Griffin, one of plaintiff's coworkers, testified that Fred got along with the other female in their workgroup and that Fred was married to a female that worked in the same area. (Griffin Tr. 24, [A000045])

On April 13, 2005, plaintiff and her supervisor Dan Carroll were working on a problem that was negatively affecting the computer system. Carroll ordered plaintiff to perform a certain function and plaintiff would not listen and Carroll said something to the effect that he was going to slap her. (Plaintiff's Answers to First Set of Interrogatories, No. 1, p.9 [A000010]).  However, Carroll was disciplined for saying whatever was said to plaintiff that made her feel threatened. (Defendant's Response to Plaintiff's 1st Interrogatories, No. 3, p. 4 [A000029]).

In fact, defendant employer responded and took prompt action every single time the plaintiff expressed a concern or complaint, including acceding to plaintiff's request to change her supervisor to Jim Ravis.  (Defendant's Response to Plaintiff's 1st Interrogatories, No. 3, p. 3-4 [A000028-A000029]).

Despite defendant's prompt and remedial actions, the plaintiff, through her present lawyer, filed a Merit Rule Grievance on a change in her job assignment due to her requested change in supervision. (April 25, 2005, letter from Roy S. Shiels, Esquire to James Ravis, Manager [ A000050]).  On August 15, 2005, the Office of Management and Budget, after a Step 3 hearing, decided the Grievance in plaintiff's favor and ordered that her work assignment be changed back to her assignment prior to her requested change in

- 9 -

supervision. (Duffy v. DOS, Step 3 Grievance Decision, August 11, 2005 [A000051-A000056]).

Plaintiff last worked at defendant's workplace on February 8, 2006, when she sought and received a disability pension. (Plaintiff's Answers to First Set of Interrogatories, No. 1, p. 13 [A000014]).

## ARGUMENT I.

DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S CLAIMS UNDER TITLE VII AS SHE FAILS TO MAKE OUT A PRIMA FACIE CASE OF GENDER DISCRIMINATION OR RETALIATION.

**Introduction:**

Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material fact is one that "may reasonably be resolved in favor of either Party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 259 (1986). The moving party bears the initial burden of demonstrating the absence of material issues of fact. *Celotex Corp.*, at 323. However, the moving party need not support its motion with affidavits or other documents disproving the nonmoving party's claim, but need only "show - - that is point out to the district court - - that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. The nonmoving party must go beyond the pleadings and through affidavits or other evidence demonstrate the existence of a genuine issue of material fact. *Id.* at 324. The district court is required to construe the evidentiary record so as to give

the nonmoving party reasonable factual inferences. *Hampton v. Borough of Tinton Falls Police Dept.*, 98 F.3d 107, 112 (3d Cir. 1996). Summary judgment should be granted if the court finds, in consideration of all of the evidence, that no reasonable trier of fact could find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).

For the reasons that follow, the defendant is entitled to judgment as a matter of law because plaintiff has failed to establish evidence in the record from which a reasonable jury could find in her favor.

**(a)     Title VII claim based on gender discrimination**

The legal analysis for a hostile work environment gender discrimination claim under Title VII is well-settled. The plaintiff must prove: (1) she suffered intentional discrimination because of her [gender]; (2) the discrimination was pervasive and regular; (3) it detrimentally affected her; (4) it would have detrimentally affected a reasonable person of the same protected class in her position; and (5) there is a basis for vicarious liability. *Caver v. City of Trenton,* 420 F.3d 243, 262 (3d Cir. 2005). It is important to note that the Court of Appeals modified element 2 in the above in its decision in the case of *Jensen v. Potter,* 435 F.3d 444, 449 fn.3 (3d Cir. 2006). Accordingly, the accepted 2nd element would be "the discrimination was severe or pervasive." *Id.* at 449. Defendant will demonstrate that the record does not supply the required evidence and the defendant is entitled to summary judgment on the hostile work environment claim.

As a preliminary matter it is important to recognize that "Title VII is not 'a general civility code for the American workplace.' (citation omitted) Many employees may

suffer severe or pervasive harassment at work, but if the reason for that harassment is one that is not proscribed by Title VII, it follows Title VII provides no relief." *Id.*

In the present matter, plaintiff contends that her protected class is her female gender. However, she does not point to another individual in her work unit of two males and two females who was treated under circumstances that would permit an inference of discrimination based on gender.

### (1) Protected Status

It is undisputed that plaintiff is a female.

### (2) Discrimination was severe or pervasive

In the present case there is no evidence of insults, jokes, stereotyping or comments directed to plaintiff regarding her gender. Instead, plaintiff complains that a male employee was rude and used an obscene gesture on an occasion and refused to interact with her. Plaintiff also complains that her former supervisor threatened to slap her during a heated exchange and Plaintiff complains that she did not care for her work duties that were changed by management in response to her complaints. This is not evidence of severe or pervasive discrimination based on gender.

The evidence is undisputed that any complaints or concerns by plaintiff were addressed promptly and reasonably. (Defendant's Response to Plaintiff's 1st Interrogatories, No. 3, p. 3-4 [A000028-A000029]).

### (3) The conduct detrimentally affected her

Plaintiff sought and received a disability pension with the State of Delaware she claims based on her claims of work stress. However, there no admissible medical

evidence in the record that such supports this contention. Under the terms of the second stipulation in this matter, plaintiff failed to properly identify any experts by the extended date of May 27, 2008 and now waives the right to call any. (D.I. 26)

### (4) It would have detrimentally affected a reasonable person of the same protected class in her position

It is undisputed that plaintiff can be a very difficult person to talk and work with. However, those problems are unrelated to gender discrimination. There is no evidence that any other female was so effected as plaintiff. Plaintiff has not made a showing of this element.

### (5) There is a basis for vicarious liability

Under Title VII, much turns on whether the 'harassers' are supervisors or coworkers. If supervisors create a hostile work environment, the employer is strictly liable, though an affirmative defense may be available where there is no tangible employment action. *Burlington Indus., Inc. v. Ellerth,* 524 U.S. 742, 765 (1998); *Jensen, supra* 435 F.3d at 452. In the present matter, the supervisor Carroll that the plaintiff complains of is a first level supervisor who has no authority to "hire, fire, demote, promote, transfer or discipline…." *Parkins v. Civil Constructors of Ill., Inc.,* 163 F.3d 1027, 1033 (7th Cir. 1998). In the case of the Department of State only the cabinet secretary has the authority to perform those tasks and the cabinet secretary is and was a female. (Lanoutte Tr. 27-29 [A000047-A000049])

It is undisputed that plaintiff did not suffer a tangible employment action, and therefore her first level supervisor Carroll is legally similar to a co-worker. The plaintiff

has failed to establish this element as she has failed to prove the defendant's liability as employer as the record is undisputed that when plaintiff complained of any employment matter prompt and reasonable action was taken by her employer – the defendant.

Accordingly, plaintiff has failed to establish a *prima facie* case under Title VII and the defendant, State of Delaware, Department of State is entitled to judgment in its favor on plaintiff's hostile work environment claim.

### (b) **Title VII retaliation claim**

In plaintiff's June 8, 2005 EEOC Charge of Discrimination, she alleges that "[S]ince the Grievance, Charging Party's assignments have been changed. She has been giving [sic] demeaning projects as opposed to the projects she was working on prior to the Grievance being filed." [A000001]

In order to survive summary judgment on a retaliation claim under Title VII, plaintiff must establish a *prima facie* case by tendering evidence that: (1) she engaged in activity protected by Title VII; (2) the employer took a "materially adverse" employment action against her that would dissuade a "reasonable worker from making or supporting a charge of discrimination"; and (3) there is a causal connection between the protected activity and the adverse employment action. *Moore v. City of Philadelphia*, 461F.3d 331, 340-341 (3d Cir. 2006). Nowhere in the record does plaintiff set forth the elements of a *prima facie* case of retaliation.

The scope of the "protected activity" is defined by the law or constitutional provision the plaintiff alleges is violated by the retaliation. In this case, she does not identify any protected activity under Title VII from which the retaliation resulted.

Instead, she identifies a state law Merit Rule Grievance[1] her present counsel filed on her behalf. (April 25, 2005, letter from Roy S. Shiels, Esquire to James Ravis, Manager [A000050]). Title VII protects those who "opposed any practice made an unlawful employment practice by [Title VII] or those who "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]. 42 U.S.C. § 2000e-3(a) (2000). The anti-retaliation provisions of Title VII do not authorize a claim against an employer for conduct that is unrelated to the Title VII proceedings such as state law Merit Rule proceedings. The record is devoid of any evidence that plaintiff was engaged in protected activity under Title VII and defendant employer is entitled to judgment on the retaliation claim.

---

[1] The Merit Rule Grievance by plaintiff's lawyer was based on Merit Rule 2.1 and does not claim any form of discrimination prohibited by Title VII.

## **CONCLUSION**

For the above reasons, defendant requests that the Court enter judgment in its favor and against the plaintiff in accordance with Rule 56.

        Respectfully submitted,

        STATE OF DELAWARE
        DEPARTMENT OF JUSTICE

        /s/ Marc P. Niedzielski
        Marc P. Niedzielski (#2616)
        Deputy Attorney General
        820 N. French Street, 6th Floor
        Wilmington, DE 19801
        (302) 577-8324
        Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LORRAINE DUFFY, | : | |
| | : | |
|    Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 06-460-SLR |
| | : | |
| DEPARTMENT OF STATE, an | : | |
| Agency of the State of Delaware, | : | |
| | : | |
|    Defendant. | : | |

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the date indicated he electronically served a copy of the attached document on the following:

   Roy S. Shiels, Esquire
   P.O. Drawer F
   108 E. Water Street
   Dover, DE  19903
   rshielsbsbc@comcast.net

   /s/ Marc P. Niedzielski
   Marc P. Niedzielski (# 2616)
   Deputy Attorney General
   820 N. French Street, 6th Floor
   Wilmington, DE  19801
   (302)  577-8324
   marc.niedzielski@state.de.us

DATED: July 31, 2008